IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JUAN A. BALDERAS, )
)
)
Petitioner, )
)
v. ) 1:15CV454
)
FRANK PERRY, )
)
Respondent. )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, submitted a petition under 28

U.S.C. § 2254 for a writ of habeas corpus by a person in state custody, together with an

application to proceed *in forma pauperis*.[1] For the following reason, the Petition cannot be

further processed.

1. The filing fee was not received, nor was a sufficient affidavit to proceed *in forma pauperis* submitted and signed by Petitioner. Petitioner submitted an *in forma pauperis* application, but did not use the correct form for prisoners and failed to disclose the amount of money deposited into his prison trust account in the past six months.

2. Petitioner indicates that he did not exhaust his state court remedies as required by 28 U.S.C. § 2254(b). The Court cannot grant relief unless Petitioner first exhausts any state court remedies. Id. In North Carolina, a petitioner may satisfy the exhaustion requirement of § 2254 by raising his claim(s) in a direct appeal of his conviction and/or sentence to the North Carolina Court of

---

[1] Petitioner also filed a document labeled "Objections to the Recommendation of the U.S. Magistrate Judge." (Docket Entry 3.) There are two problems with this document. First, because there was no prior Recommendation entered, the Objections have no apparent purpose. If Petitioner wishes to file objections to the present Recommendation, he must make specific objections following its entry. Second, parts of the current Objections are in Spanish, rendering them illegible to the Court. Petitioner must make any future filings in English.

Appeals followed by a petition to the Supreme Court of North Carolina for discretionary review, or by raising his claims in a Motion for Appropriate Relief ("MAR") and petitioning the North Carolina Court of Appeals for a writ of certiorari if the MAR is denied. See Lassiter v. Lewis, No. 5:11HC2082D, 2012 WL 1965434, at *4-5 (E.D.N.C. May 31, 2012) (unpublished) (citing O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), and N.C. Gen. Stat. §§ 7A–31, 15A–1422). Petitioner states that he did not receive all of the documents in his case from the state court. However, this does not excuse Petitioner from the exhaustion requirement. Whatever issues he had with documents, he is now apparently able to file his claims in this Court and can, therefore, file them in the state courts first. He must exhaust his state court remedies before proceeding in this Court.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

-2-

IT IS RECOMMENDED that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current Petition.

This, the 11th day of June, 2015.

Joe L. Webster
United States Magistrate Judge